UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ISAAC EDWARD ALLEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:15CV29 AGF |
| R. KEVIN BARBOUR, et al., | ) ) ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis and for review of Plaintiff's complaint. The motion to proceed in forma pauperis is granted.

Under 28 U.S.C. § 1915(e), the Court must review an action filed in forma pauperis and dismiss it if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from someone who is immune from such relief.

Plaintiff brings this action under 42 U.S.C. § 1983. Plaintiff claims his rights were violated in connection with his 2007 arrest and conviction for assault.[1] Plaintiff alleges that defendants, who are primarily judges and prosecutors conspired to deprive him of his constitutional rights.

The complaint is wholly frivolous. A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into

---

[1] Missouri v. Allen, No. 07JC-CR000017 (Cape Girardeau). In the case, Plaintiff pled guilty to one count of assault in the second degree. See Allen v. Dobbs, 4:15CV268 ACL (E.D. Mo.) (habeas action).

question by issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Here, Plaintiff attempts to show that his arrest and criminal proceedings violated the Constitution. A judgment in his favor would imply the invalidity of his conviction. Therefore, the complaint is barred by Heck.

"Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). The statute of limitations on this case ended in 2012. Therefore, this case is time-barred.

Moreover, the judicial and prosecutorial defendants are entitled to absolute immunity, Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (judges); Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996) (prosecutors).

The complaint is frivolous as to Cape Girardeau County and Butler County because Plaintiff did not allege that a policy or custom of the municipalities caused a constitutional injury. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978).

Finally, Plaintiff has not alleged that defendant John Jordan was personally responsible for the alleged injuries. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990).

For these reasons, this action is dismissed without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED** as moot.

An Order of Dismissal will be filed separately.

Dated this 27th Day of February, 2015.

/s/ Audrey G. Fleissig
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE